[Cite as *State v. Getachew*, 2011-Ohio-2218.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :      JUDGES:
                                       :
                                       :      Hon. William B. Hoffman, P.J.
            Plaintiff-Appellee         :      Hon. Sheila G. Farmer, J.
                                       :      Hon. Patricia A. Delaney, J.
-vs-                                   :
                                       :      Case No. 10-CA-54
ALEMAYEHU GETACHEW                     :
                                       :
                                       :
            Defendant-Appellant        :      O P I N I O N


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County Court
                                Case No. TRD 1005235


JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         April 27, 2011


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

MARIA N. KALIS 0073318                     ALEMAYEHU GETACHEW, pro se
Assistant Prosecuting Attorney             4574 Legare Lane
Muskingum County                           New Albany, Ohio 43230
27 N. Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Delaney, J.*

{¶1} Defendant-Appellant appeals from the judgment of the Muskingum County Court, convicting him of one count of driving on a closed road, a minor misdemeanor, following a bench trial. The State of Ohio is Plaintiff-Appellee.

{¶2} Appellant fails to raise any assignments of error, nor has he filed a transcript to support any argument he makes in his brief.

{¶3} We would begin by noting that Appellant has failed to comply with multiple parts of Appellate Rule 16. App. R. 16 provides, in pertinent part:

{¶4} "(A) Brief of the appellant

{¶5} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

{¶6} "(1) A table of contents, with page references.

{¶7} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

{¶8} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

{¶9} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

{¶10} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

{¶11} "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

{¶12} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶13} "(8) A conclusion briefly stating the precise relief sought.

{¶14} "* * *

{¶15} "(D) References in briefs to the record

{¶16} "References in the briefs to parts of the record shall be to the pages of the parts of the record involved; e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the transcript at which the evidence was identified, offered, and received or rejected."

{¶17} Moreover, the Ohio Supreme Court has stated in *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 284, "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those

assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶18} Appellant failed to meet any of these requirements when filing his brief.

{¶19} Appellant failed to meet his burden by filing a transcript of the proceedings, and as such, there is a very limited record from which this court can discern what occurred in these proceedings. Even without a transcript, Appellant had other avenues by which he could have supplemented the record with a recollection of the trial. Namely, "App.R. 9(C) permits an appellant to submit a narrative transcript of the proceedings when a verbatim transcript is unavailable, subject to objections from the appellee and approval from the trial court. App.R. 9(D) authorizes parties to submit an agreed statement of the case in lieu of the record. There is nothing in the record indicating that plaintiffs even attempted to avail themselves of these alternatives." *Knapp*, supra, at 200. Moreover, this court has previously held that [f]actual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case." *State v. Lewis*, 5th Dist. No. 2006-CA-00066, ¶7, citing *Akro-Plastics v. Drake Industries* (1996), 115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249. Accordingly, the judgment of the lower court is affirmed.

{¶20} For the foregoing reasons, the judgment of the Muskingum County Court

is affirmed

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER

[Cite as *State v. Getachew*, 2011-Ohio-2218.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ALEMAYEHU GETACHEW | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-54 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER